



In the United States District Court
For the Northern District of Texas (Fort Worth)

| | |
|---|---|
| United States of America, Plaintiff, | Criminal Case #: 4:00-cr-00054-Y ("Reedy I") |
| v. | Habeas (Civil) Case #: 4:07-cv-00024-Y ("Reedy II") |
| Thomas Reedy Defendant/Movant. | Successive Habeas (Civil) Case # : 4:12-cv-00271-Y ("Reedy III") |

## MOTION TO VACATE JUDGMENT
### [Fed. R. Civ. Pr. 60(b), or 60(d)]

**COMES NOW**, Thomas Reedy, *pro se*, and submits that vacating judgment on the cases above is proper, under Fed. R. Civ. Pr. 60(b), or 60(d), for the reasons below. The court is requested to consider the following, but <u>not</u> as a second or successive § 2255[1]:

a. **The court mistook Movant's *bifurcated* argument** on the one, new, "totally different" ground (than his 1st § 2255), as approved by the Fifth Circuit, <u>contra</u> *Haines v. Kerner*, 404 U.S. 519 (1972), Reedy's pro se pleading ("Reedy III") was not construed liberally, causing the unwarranted exclusion of key argument and exhibits in his second or successive § 2255 ("Reedy III", Doc. #1, 10, 11, 22).

---

[1] *Gonzalez v. Crosby*, 545 U.S. 524 (2005), Proper Rule 60(b) motion attacks, "not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas corpus proceedings." (Breyer, J., concurring). Even though *Gonzalez* 162 LED2D at 488 [holding at 1(a)] "applies in § 2254 habeas proceedings only...A Rule 60(b) motion can be said to bring a 'claim' if it seeks to add a new ground for relief from the [conviction] or attacks the federal court's previous resolution of a claim on the merits, though <u>not if it merely attacks a defect in the federal habeas proceedings' integrity</u>." When no 'claim' is presented – as here – "there is no basis for contending that a Rule 60(b) motion should be treated like a habeas petition."

Movant obeyed – as well as he was able as a *pro se* litigant – the ORDER of the Fifth Circuit Court of Appeals, granting that one, new ground. But, the <u>bifurcated arguments (I & II)</u> in support of that one ground confused the court (*bifurcated* for clarity, as *both* were required to support the one ground granted review). The appellate court – reviewing an amputated-by-the-district-court claim – denied COA on "Reedy III", on January 28, 2014. This Motion under Rule 60 is therefore timely.

b. On its own motion, this court previously granted itself Rule 59/60-type relief ("Reedy III", Doc. #7, [for mistake, not fraud]); And, has also been corrected three times by the Fifth Circuit ("Reedy I" at Doc. #240, 241, 297). None of the prior corrections were a result of Mr. Reedy's actions.

c. **The court missed that a probable cause determination never occurred prior to forfeiture, thus nullifying the defective seizure judgment.** Under Rule 60(b)[5 or 6], or 60(d), a decision in the earlier judgment ("Reedy II", Doc. #1, 2, 12, 13), either applied retrospectively is no longer equitable, or due to extraordinary circumstances, suggests relief:

The court's earlier judgment denied a prior IAC/Due Process ground under forfeiture/seizure, by immunizing government misconduct in seizing Defendant's assets prior to trial (<u>and</u> prior to indictment by grand jury). This court's prior-to-probable-cause judgment caused him to suffer the consequences of a defense team not of his choice, in violation of the Sixth Amendment, and one "not economically capable of effectively defending" this 1.2 million-dollar seizure/forfeiture.

Using *United States v. Monsanto*, 491 U.S. 600 (1989), a finding of probable cause was required before seizure/forfeiture. In harmony with then-binding precedent is the current legal landscape announced in *Kaley ET VIR v. United States*, No. 12-464, February 25, 2014. The prior ruling on the

seizure/forfeiture ground in "Reedy II" is no longer equitable, because his assets were seized **seven months prior** to a grand jury probable cause determination.

> *Kaley* says, "[w]hen challenging the legality of a § 853 pre-trial asset seizure, a criminal defendant **who has been indicted** is not constitutionally entitled to contest a grand jury determination of probable cause to believe the defendant committed the crimes charged." (citing to *Monsanto*, emphasis added). The authority of that case tips the scales in Reedy's favor, as the Government seized assets prior to indictment.

Under Rule 60(b)[5 or 6], the Court should vacate its earlier ruling on the 1st § 2255, because seizure occurring *prior to indictment* is a defective judgment. The constitutional bright line of forfeiture begins at indictment by a grand jury, and not before. The Court's earlier judgment ("Reedy II", Doc. #1, 2, 12, 13), viewed retrospectively, is no longer equitable, either.

d. **Under 60(b)(1), the clerk mistakenly neglected to transfer the relevant "preservation of key evidence" motion**. The clerk apparently attached some version of the record ("Reedy III" at Doc. #26, 05/15/2013) to the § 2255 record under review to the Fifth Circuit. This record motion mattered to the § 2255, and therefore to appeal 13-10370. The application for COA to the appellate court suffered error by omission. Defendant did not make a motion to the Appellate court to supplement the record, as he reasonably relied upon Doc. #26's completeness.

Just as the defect of non-liberal *Haines* interpretation occurred (in ¶a, above: misapprehension of Defendant's *pro se* writing style), a missed-record transfer also hampered fair appellate review (on 01/28/2014, making this motion timely; see also "Reedy III" at Doc. #29).

e. **The Government's actions constitute fraud [60(b)(3)], or fraud on the court [60(d)], in the destruction of evidence.** For his part, Reedy moved to preserve evidence <u>three times</u>:

1st Time: In 2006, in "Reedy I" at Doc. #305, 306 (but only if it would <u>not</u> be construed as a 1st § 2255. See, e.g. Doc. #307);

2nd Time: Six years later, in "Reedy III" at Doc. #18, on 11/26/2012, just one month after his timely filed Reply brief in the successive § 2255, and three months prior to the court's order dismissing the 2255 entirely (Doc. #22, 02/27/2013);

3rd Time: And again on 03/14/2014, Doc. #31, in an abundance of caution upon learning of the government's prior destruction of tampered/corrupted trial evidence outlined below.

The Fifth Circuit's short opinion on 01/28/2014 ("Reedy III" at Doc. #29), revealed omission of what was thought to be under review (see also ¶d, above), making this motion timely.

## Discussion Of Fraud, Prior To Briefing

What happened is the Government – noticed explicitly in service of Reedy's concern for preservation, and implicitly after ordered to respond to the § 2255 in "Reedy III" – destroyed the remaining computer evidence used to convict him in December of 2000. This strange behavior happened after the Defendant submitted his collateral attack, and served the Government, but prior to the court's ruling on the § 2255.

To expound, Reedy filed the successive § 2255 motion in April of 2012 ("Reedy III", Doc.#1), and his brief in support followed two months later (*Id.* Doc. #10). In November of the same year (2012), he asked that this (critically corrupted[2]) body of evidence be preserved (*Id.* Doc. #18), for state-side forensic analysis.

Inexplicably, while that challenge was pending the Government destroyed it all two months later, in January of 2013, just one month prior to a court ORDERED inquiry

---

[2] As determined by European computer intelligence experts at several trials around Great Britain.

(*Id.* Doc. #21, 02/27/2013). The Court ironically denied 2255 relief the same day (Doc. #22). The response by the Government (*Id.* Doc. #23), to the courts ORDER confirmed that yes, indeed, the U.S. Government had destroyed the evidence (in an arguable effort to conceal it, as it was analyzed/determined as corrupt by European intelligence experts).

The Government previously lost the home computer (laptop and desktop), and argued out of vacuity in "Reedy III" (in the face of post-seizure corrupted, tampered, or planted data on the remaining computers), that the home computers were somehow impeccable. These same "disappeared" home computers also were immunized from British examination by the Government's actions.

The Federal Rules of Civil Procedure 60(b)(3) allow a federal court to "relieve a party...from a final judgment" for "fraud..., misrepresentation, or other misconduct of an adverse party"); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 176-177 (1965); *Id.* at 179-180 (Harlan, J., concurring).

"Fraud implies [the three-parts of] bad faith, intentional wrongdoing and a sinister motive." *Webb v. Commissioner*, 394 F.2d 366, 377 (5th Cir. 1968). Fraud is usually inferred from "conduct, the likely effect of which would be to mislead or conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943). Cited by *Payne v. Commissioner of Internal Revenue*, 224 F.3d 415 (5th Cir. 2000).

In light of:

    (1) the Government's holding of the same evidence for fourteen years; and
    (2) the Government being noticed of Reedy's pending collateral attack revealing potentially embarrassing evidence problems; and
    (3) the motion to preserve the evidence some 60 days prior to its destruction...

...then the willful and deliberate destruction of evidence can be no less than fraud.

Deliberate destruction of evidence after notice of its preservation (as contrasted with merely withholding evidence), is either fraud, or fraud upon the court. A motion brought under Rule 60(b)(3), does not have the same high bar as an equitable action for fraud on the court [60(d)]. *Fierro v. Johnson*, 197 F.3d 147 (5th Cir. 1999) at *fn.13,

citing to *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978). *Rozier* explained at length that the requirements for a "fraud on the court" <u>action</u> [e.g. 60(d)] were more stringent than those for a Rule 60(b)(3) motion.

\*
\* \*

**WHEREFORE**, using the forthcoming brief in support, to be filed within 30 days of the Court's filing of this instant Motion – and fully adopted as if presented herein – Movant respectfully requests Rule 60 relief in the interests of justice. See also, Fed. R. Civ. Pr. 1, (Federal Rules to be construed to obtain justice, which should prevail over proceduralism.)

|  |  |
|---|---|
| 1-20-15 | /s/ [signature] |
| Date Executed | Thomas Reedy, *pro se* |
| Under Penalty of Perjury, pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct and is submitted this day in the institution's internal mail system designed for legal mail, under Prison Mailbox Rule. | USM # 25673-177<br>P.O. Box 1000<br>Marion, IL 62959<br><br>Prepared by Eric D. Welch, law clerk<br>USP Marion<br>USM # 10444089<br>P.O. Box 1000<br>Marion, IL 62959 |

# In the United States District Court
## For the Northern District of Texas (Fort Worth)

| | |
|---|---|
| United States of America, Plaintiff, | Criminal Case #: 4:00-cr-00054-Y ("Reedy I") |
| v. | Habeas (Civil) Case #: 4:07-cv-00024-Y ("Reedy II") |
| Thomas Reedy Defendant/Movant. | Successive Habeas (Civil) Case # : 4:12-cv-00271-Y ("Reedy III") |

## CERTIFICATE OF SERVICE

On this day, a copy of the foregoing was mailed via U.S. Postal Service, First Class postage pre-paid, upon the following:

AUSA Frank L. Gatto, Esq.
801 Cherry Street
Suite 1700
Fort Worth, TX  76102

1-20-15
Date Executed

/s/ Thomas Reedy, *pro se*
USM # 25673-177
P.O. Box 1000
Marion, IL  62959

SPECIAL LEGAL MAIL

**CERTIFIED MAIL**

7007 0710 0003 5018 44

Thomas Reedy 25673-177
U.S. Penitentiary
P.O. Box 1000
 62959

25673-177
US District Court
Office of the Clerk
501 W 10TH ST
Rm. 310
FORT Worth, TX 76102
United States

7610255080 1